the very time of obtaining it refused to carry out the contract upon their part, and deprived themselves of any right to keep the money. The plaintiff was therefore entitled to recover it.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### ZECCARDI v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

CARRIERS—WHO ARE PASSENGERS—DISMOUNTING FROM CAR.

Where a passenger left a street car to separate a companion and the conductor, who were fighting, his act in leaving the car did not, as a matter of law, terminate the relation of passenger and carrier, so as to absolve the latter from liability for an assault committed on him by the motorman after he left the car.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 992.]

Appeal from Trial Term, Westchester County.

Action by Vincenzo Zeccardi against the Yonkers Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and GAYNOR, JJ.

F. X. Donoghue, for appellant.

Anthony J. Ernest (Bayard H. Ames, on the brief), for respondent.

PER CURIAM. There was evidence from which the jury could have found that the conductor committed an unjustifiable battery on the plaintiff's companion on the car, and then dragged him off the car with the aid of the motorman, and continued the battery on him on the ground by the car, and that on the plaintiff getting off the car and going toward them, in order to separate them, the motorman committed a battery on him to prevent him. This much was obtained by the plaintiff's counsel from his two witnesses with much difficulty on account of the interferences of the trial judge, who dismissed the case of his own motion without allowing him to call any more witnesses. The dismissal was error on the evidence, to say nothing of the summary closing of the case. The fact that the battery was committed on the plaintiff after he got off the car by no means prevents him from recovering against the company. The plaintiff had not, as matter of law, ceased to be a passenger. Any passenger may lawfully interpose to prevent another passenger from being unlawfully battered by the conductor, either on the car or after the conductor has dragged him off the car. By stepping off the car to stop the battery he no more ceases to be a passenger than if he stepped off to pick up his hat or take a drink of water. The very least that can be said on the plaintiff's side is that it was for the jury to say whether the motorman was not in the company's service in respect of him in committing the battery on him.

I think the judgment should be reversed.